# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| STEPHANIE SMITH, INDIVIDUALLY AND AS NEXT FRIEND FOR EAS, A MINOR, <br>       Plaintiff, <br><br>VS. <br><br>WAL-MART STORES, INC., <br>       Defendant. | § § § § § § § § § § | <br><br><br><br>C.A. NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** STEPHANIE SMITH, INDIVIDUALLY AND AS NEXT FRIEND FOR EAS, A MINOR, Plaintiff, and files this Original Complaint, complaining of and against Defendant, WAL-MART STORES, INC. (hereinafter referred to as "Wal-Mart"), and in support thereof, would respectfully show the Court the following, to wit:

## PARTIES

1. Plaintiff, STEPHANIE SMITH, INDIVIDUALLY AND AS NEXT FRIEND FOR EAS, A MINOR, is a resident and citizen of Upshur County, Texas.

2. Defendant, WAL-MART STORES, INC., is a foreign corporation with its principal place of business in Bentonville, Arkansas, and may be served with process by serving its registered agent for service, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Service is hereby requested via certified mail.

## JURISDICTION & VENUE

3. Jurisdiction is based on diversity of citizenship of the parties, and an amount in controversy in excess of $75,000.00, exclusive of interest and costs, pursuant to 28 U.S.C.

§1332(a).  Venue is proper in this district pursuant to 28 U.S.C. §1391, because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of Texas.

## FACTS

4.      On or about May 23, 2012, Plaintiff, STEPHANIE SMITH and her minor child, EAS, were shopping at the Wal-Mart Supercenter, Store #146, in Gilmer, Texas.  While in the meat market section of the store, Plaintiff, Stephanie Smith's minor child, EAS, slipped in a liquid substance left unattended on the floor.  Plaintiff fell and suffered injury to his head, back, and body generally.  Furthermore, EAS experienced symptoms consistent with a concussion and/or closed head injury.  Upon information and belief, Wal-Mart knew of the hazardous condition but failed to cure or warn of the hazard.  Alternatively, Wal-Mart employees, through a reasonable inspection of the premises, should have discovered this hazard.  Furthermore, no action was taken to warn or fix the hazard by Wal-Mart.

## PREMISES LIABILITY

5.      Plaintiff, EAS, was an "invitee" in that he entered upon the premises of Defendant in the company of his mother by express or implied invitation of Defendant and for the parties' mutual economic benefit.  As such, Defendant owed Plaintiff a duty to exercise ordinary care to keep the premises in reasonable safe condition, to inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of defects.  Defendant failed to warn of or correct the danger which was a violation of Defendant's duty and constituted negligence which was a proximate cause of the injuries and damages of minor child, EAS.

## BYSTANDER CLAIM

6.      Plaintiff, Stephanie Smith, was located near the scene where EAS, her son, fell and hit his head.  As a result of her close physical proximity to EAS at the time of his injury and

her contemporaneous sensory observation of his fall, she suffered mental anguish.

## DAMAGES

7. Plaintiff, EAS, a minor child, suffered personal injuries including pain and suffering, mental anguish, and physical and mental impairment. These damages are in the past and in the future, and are within the jurisdictional limits of this Court.

8. Plaintiff, Stephanie Smith, Individually, as mother to EAS, suffered mental anguish, loss of consortium and injury to the parent-child relationship, and incurred damages for the past and future medical treatment expenses of EAS.

## INTEREST

9. Plaintiff is entitled to both pre-judgment and post-judgment interest at the highest rates allowed by law or statute.

## DEMAND FOR JURY TRIAL

10. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury as to all issues of her Complaint filed against Defendant.

## PRAYER FOR RELIEF

11. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer and that upon final trial of this cause Plaintiff recovers as follows:

   a. Judgment against the Defendant for economic, non-economic, and compensatory damages;

   b. pre-judgment and post-judgment interest as allowed by law;

   c. costs of suit; and

   d. all other relief the Court deems appropriate.

Respectfully submitted,

By: /s/ N. Eric Cooper_____
N. ERIC COOPER
State Bar No. 24036399
The Cooper Law Firm
P. O. Box 2222
500 N. Second Street (75601)
Longview, Texas 75606-2222
Telephone: (903) 297-0037
Facsimile: (903) 236-0035
E-mail: eric@cooper-law-firm.com

RALPH F. PELAIA, JR.
State Bar No. 15731550
Pelaia Law Center
133 E. Tyler Street
Longview, Texas  75601
Telephone: (903) 230-5600
Facsimile: (903) 230-5656
E-mail: ralph@pelaialaw.com

**ATTORNEYS FOR PLAINTIFF STEPHANIE SMITH, INDIVIDUALLY AND AS NEXT FRIEND FOR EAS, A MINOR CHILD**